| United States District Court | District: Western District of Oklahoma | |
|---|---|---|
| Name: Sonny Jordan Limpy | Prisoner No. #590100 | Case No. |
| Place of Confinement | | |
| Davis Correctional Facility | | |
| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) | |
| SONNY JORDAN LIMPY,<br>          Petitioner, | ROBERT EZELL, Warden,<br>          Respondent.<br>CIV-10-1221  R | |
| The Attorney General of the State of: Oklahoma. | | |

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack

2.  Date of Judgment of conviction:     November 19, 2008

3.  Length of Sentence:   Life Imprisonment without Parole

4.  Nature of offense involved (all counts): First Degree Murder in violation of 21 O.Supp.2004, § 701.7(A).

5.  What was you plea? (Check one)

    (a)    Not guilty          ☑

    (b)    Guilty              ☐

    (c)    Nolo Contendere     ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have?   (Check One)

    (a)    Jury        ☑

    (b)    Judge only  ☐

7.  Did you testify at the trial?

    Yes   ☑   No ☐

8.  Did you appeal from the judgment of conviction?

    Yes ☑        No ☐

9.  If you did appeal, answer the following:

    (a)   Name of Court: Oklahoma Court of Criminal Appeals

    (b)   Result: The judgment and conviction were affirmed

    (c)   Date of Result and citation, if known: The Court of Criminal Appeals affirmed
          Petitioner's conviction on September 16, 2009.

    (d)   Grounds raised:

          I.    THE ADMISSION OF MR. LIMPY'S INCRIMINATING
                STATEMENTS TO DETECTIVE CAUTHRON VIOLATED
                THE FIFTH AND FOURTEENTH AMENDMENTS OF THE
                UNITED STATES CONSTITUTION AND CORRESPONIDING
                PROVISIONS OF THE OKLAHOMA CONSTITUTION.

          II.   THE TRIAL JUDGE'S REFUSAL TO GIVE MR. LIMPY'S
                REQUESTED INSTRUCTION ON MISDEMEANOR
                MANSLAUGHTER DENIED MR. LIMPY A FAIR TRIAL IN
                VIOLATION OF THE UNSTED STATES AND OKLAHOMA
                CONSTITUTIONS.

    (e)   If you sought further review of the decision on appeal by a higher state court,
          please answer the following:

          (1)   Name of court:        N/A

          (2)   Result: N/A

          (3)   Date of result and citation, if known: N/A

          (4)   Grounds raised:       N/A

    (f)   If you file a petition for certiorari in the United Stats Supreme Court, please
          answer the following with respect to each direct appeal:    N/A

          (1)   Name of court:        N/A

          (2)   Result: N/A

          (3)   Date of result and citation, if known: N/A

          (4)   Grounds raised:       N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

    Yes   ☑   No   ☐

11. If your answer to 10 was "yes," give the following information:

    (a)   (1)   Name of Court:          Oklahoma County District Court

          (2)   Nature of proceeding: Application for Post Conviction Relief

          (3)   Grounds raised: Ineffective Assistance of Trial and Appellate Counsel

          (4)   Did you receive an evidentiary hearing on your petition, application or motion?          Yes   ☐   No   ☑

          (5)   Result: These issues were denied by the State District Court

          (6)   Date of result: On September 28, 2010, the State District Court denied the application for post-conviction relief, claiming his ineffective assistance of counsel claims were procedurally barred because the issues were not raised on direct appeal.

    (b)   As to any second petition, application or motion give the same information:

          (1)   Name of Court: N/A

          (2)   Name of Proceeding: N/A

          (3)   Grounds raised: N/A

          (4)   Did you receive an evidentiary hearing on your petition, application or motion?          Yes   ☐   No   ☑

          (5)   Result: N/A.

          (6)   Date of result: N/A

    (c)   If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: N/A

    (d)   As to any third petition, application or motion give the same information:

          (1)   Name of Court: N/A

          (2)   Name of Proceeding: N/A

          (3)   Grounds raised: N/A

      (4)    Did you receive an evidentiary hearing on your petition, application or motion?    Yes  ☐   No  ☑

      (5)    Result: N/A

      (6)    Date of result: N/A

  (d)    If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: N/A

12.    State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach additional pages stating additional grounds and *facts* supporting same.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

      For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

      Do not check any of these listed grounds. If you select one or more these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)    Conviction obtained by plea of guilty which as unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by a violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right of appeal.

A.   **Ground One:**

**MR. LIMPY'S FUNDAMENTAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED WHEN THE TRIAL COURT ADMITTED INCRIMINATING STATEMENTS TO DETECTIVE CAUTHRON MADE BY PETITIONER.**

Supporting FACTS (state *briefly* without citing cases or law):

The State failed to meet it's burden under Miranda v. Arizona, 384 U.S. 436, 460, 86 S.Ct. 1602, 1620, 16 L.Ed.2d 694 (1966), because Petitioner was never asked if he wanted to talk with law enforcement and never allowed to respond. A Jackson v. Denno hearing was held to determine the voluntariness of the statements and it is clear from the transcripts that the Miranda inquiry was never completed. Detective Cauthron admitted that "there was no request to talk to him at that time and there was no refusal to speak. . . ." Although the Miranda warning was never completed, and Mr. Limpy never said he would like to talk to Detective Cauthron about the case, the detective, hours later, asked Petitioner a question that was "calculated to exact a response as to the details of the shooting. At this time, Petitioner made the incriminating statements.

The trial court, amongst strenuous defense objection to the admissibility of the statements, held it's ruling in the Jackson v. Denno hearing in abeyance, for counsel to find case law dealing this specific situation. Case law was to be supplied to the Judge the next morning. In an in camera hearing, case law was examined and argument presented. Nevertheless, the Defense Motion to Suppress the statements was overruled.

**B.    Ground Two:**

### MR. LIMPY'S FUNDAMENTAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED WHEN THE TRIAL COURT REFUSED TO GIVE PETITIONER'S REQUESTED INSTRUCTION ON MISDEMEANOR MANSLAUGHTER.

Supporting FACTS (state *briefly* without citing cases or law):

The trial court failed to give the necessary jury instruction, OUJI-CR-4-94, concerning misdemeanor manslaughter as a lesser included offense of first degree murder. Mr. Limpy preserved this issue for appellate review by submitting proposed jury instructions on misdemeanor manslaughter to the trial court. (Court's Ex. #1)

The trial court's discussion concerning this specific instruction seems to have been off the record. The court states: "We talked about this, but not on the record. We discussed the instructions." Mr. Limpy testified that he did not intentionally shoot Mr. Montelongo because he thought he had disarmed the gun. (Tr. 262)

Trial counsel requested that jury be instructed on heat of passion manslaughter as an affirmative defense. (Tr. 284; Court's Ex. #1) The court should have instructed on heat of passion manslaughter for two reasons: to negate the malice aforethought element of first degree murder, and as an affirmative defense related to self-defense. The circumstances of this case indicate that Mr. Limpy did not intend to kill when he shot Mr. Montelongo because he believed the gun was not loaded when he pulled the trigger. Therefore, he could not have formed the malice aforethought necessary for a charge of first degree murder. The testimony and evidence presented at trial established that Mr. Limpy had a "heat of passion" defense to the charge of murder in the first degree.

Trial counsel recognized the applicability of this rationale and then requested manslaughter instructions as both an affirmative defense to first degree murder and a lesser-included crime of first degree murder.

The jury was given no vehicle through which to give effect to any doubts it may have had as to Petitioner's intent to kill except to acquit him altogether. Since the victim was unarmed, it is understandable that the jury would not find acquittal a palatable choice.

Taken as a whole, the evidence was more than sufficient to warrant instructions to the jury. Because no such instructions were given, Mr. Limpy was denied his right to present his defense and the trial court violated his right to Due Process under the Federal and State constitutions.

**C.**    **Ground Three:**

MR. LIMPY'S FUNDAMENTAL RIGHTS TO DUE PROCESS AND EQUAL
PROTECTION OF THE LAW WERE VIOLATED WHEN HE RECEIVED INEFFECTIVE
ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

Supporting FACTS (state *briefly* without citing cases or law):

Mr. Limpy was denied his statutory [22 O.S. § 13] and Constitutional
[OK. Const., Art. II, §§ 2, 6, 7, 19, 20 and 33; and U.S. Const., Amends. 5, 6, and
14) right to be effectively represented at trial. Without limiting the foregoing: 1) if
it is determined that the grounds raised in proposition, is a sufficient legal error to
require reversal of Mr. Limpy's conviction; and 2) if it is determined that
consideration of this error on direct appeal and/or his post conviction application
was barred by the failure of trial counsel to adequately preserve the issue for
appeal; then 3) trail counsel's failure constituted ineffectiveness under *Strickland*.

Trial counsel failed to inquire into and analyze factual and legal elements
of Petitioner's case by not properly preparing for trial.  In support of this
argument Petitioner shows the following:

a.      trial counsel failed to investigate and subpoena defense witnesses.

b.      Trial counsel failed to prepare a proper defense of justifiable homicide. He
did not investigate the crime scene, nor did he try to find or investigate other
potential witnesses to rebut the State's case.

c.      trial counsel failed to call character witnesses.

d.      Trial counsel failed to call additional relevant witnesses who would have
testified that Petitioner was not the aggressor and that he acted in self-defense of
his person.

e.      Trial counsel failed to use self defense as an affirmative defense.  Trial
counsel also failed to request and instructs the judge for jury instructions of self
defense and justifiable homicide. Witnesses testified that a crowd of people first
pushed and charged Petitioner before he shot the deceased. The witnesses further
testified that they thought that the crowd of people was going to fight and they
were going to jump Petitioner.

f.      Trial counsel failed to properly cross examine witnesses. On cross and
direct examination he should have asked questions that would have set a proper
foundation of facts, such as who, what, when, where and why this crowd of
people were going to first jump Petitioner.

g.      Trial counsel failed to acknowledge and point out that the victim's actions were aggressive and that he provoked the difficulty. Victim initiated confrontation when he pushed Petitioner. Petitioner was not the one fighting. He told Petitioner to shoot him several times after Petitioner instructed him to get back and stay away from him.

h.      Trial counsel failed to explain, define and address the role of the aggressor in Petitioner's situation. Appellate and trial counsel failed to exploit who provoked the difficulty.

i.      Trial counsel failed to use effective defense strategy. The evidence shows that homicide was accidental and the jury should have been instructed as such. At most, trial counsel failed to request the jury instruction of a lesser included offense of heat of passion.
j.      Trial counsel failed to object to gang task testimony. The gang task testimony was nothing more than an evidentiary harpoon and/or testimony of other crimes evidence.

k.      Trial counsel made improper closing argument. During closing arguments he misstated evidence and made misstating comments that prejudiced Petitioner.

l.      Trial counsel failed to use witnesses' statements that corroborated Petitioner's facts and evidence. Emilia Ybarra testified that he seen Petitioner take the clip out of the gun before the whole incident started. Veronica Caudillo testified at the preliminary hearing and trial that she seen the victim attack Petitioner first and that victim and his friend charged Petitioner first and she thought they were going to fight. She testified that she thought they were going to fight. Vanessa Olvera also testified she seen the victim physically attack Petitioner first. At preliminary hearing Veronica Caudillo gave testimonial evidence in support of the testimony Petitioner presented at trial.

Furthermore, trial counsel failed to file appropriate motions of acquittal, failed to make contemporaneous objections to inadmissible testimony, and failed to object to the trial errors committed by the trial court and the prosecution. While trial counsel's failure to properly raise and preserve these legal issues meets the "deficient performance" prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, whether Mr. Limpy was prejudiced by this deficiency depends on whether this Court determines these issues were fundamental, and as such, could be raised for the first time on appeal.

Moreover, Mr. Limpy was denied his right to effective representation on Direct Appeal when Appellate Counsel failed to raise the issue of Ineffective assistance of trial counsel which would have resulted in reversal of his conviction.

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented in any court, state or federal, state *briefly* grounds were not so presented, and give your reasons for not presenting them: N/A All of these issues but Ground Three were presented to the Oklahoma Court of Criminal Appeals on Direct Appeal. Ground Three was presented in a Post-Conviction Application.

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes   ☐   No   ☑

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)   At preliminary hearing:     James L. Hughes, and
                                  Faustine Curry
                                  Assistant Public Defenders
                                  320 Robert S. Kerr, Suite 611
                                  Oklahoma City, Oklahoma 73102

(b)   At arraignment and plea:    James L. Hughes, and
                                  Faustine Curry
                                  Assistant Public Defenders
                                  320 Robert S. Kerr, Suite 611
                                  Oklahoma City, Oklahoma 73102

(c)   At trial:                   James L. Hughes, and
                                  Faustine Curry
                                  Assistant Public Defenders
                                  320 Robert S. Kerr, Suite 611
                                  Oklahoma City, Oklahoma 73102

(d)   At sentencing:              James L. Hughes, and
                                  Faustine Curry
                                  Assistant Public Defenders
                                  320 Robert S. Kerr, Suite 611
                                  Oklahoma City, Oklahoma 73102

(e)    On appeal:                          Kim Chandler Baze
                                           Assistant Public Defenders
                                           320 Robert S. Kerr, Suite 611
                                           Oklahoma City, Oklahoma 73102

(f)    In any post-conviction proceeding: N/A Petitioner presented his collateral attack
       Pro Se.

(g)    On appeal from any adverse ruling in a post-conviction proceeding: Pro Se

16.    Were you sentenced on more than one count of an indictment, or on more than one
       indictment, in the same court and at the same time?

       Yes    ☐    No    ☑

17.    Do you have any future sentence to serve after you complete the sentence imposed by the
       judgment under attack?

       Yes    ☐    No    ☑

(a)    If so, give name and location of court which imposed sentence to be served in the
       future: N/A

(b)    Give date and length of the above sentence: N/A

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment
       which imposed the sentence to be served in the future?

       Yes    ☐    No    ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in
this proceedings.

_____

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4·3·10

_____
Date

Sonny Limp

_____
Signature of Petitioner

ALISHA BYERLY
Notary Public - State of Oklahoma
Hughes County
Commission #07003278
My Commission Expires April 3, 2011

alisha Byerly

ex. 4|3|2011
# 07003278

11

**Certificate of Mailing**

On November 4TH, 2010, I mailed, postage prepaid, by First Class U.S. Mail, a true copy of the foregoing instrument to:

Robert D. Dennis - Court Clerk
Name

1210 U.S. Courthouse, 200 N.W. 4TH
Address

Oklahoma City Oklahoma 73102-3092
City, State and Zip Code

Court Clerk
Position

Sonny Limpy
Inmate Signature